IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GUY JONES and GREGORY STARR, ) | |
| ) | Civil Action No. |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| WOODWARD MANAGEMENT ) | |
| PARTNERS, LLC ) | |
| ) | |
| Defendant. ) | |
| ) | |

_____

## COMPLAINT FOR DAMAGES

COME NOW, Plaintiffs Guy Jones ("Plaintiff Jones") and Gregory Starr ("Plaintiff Starr") (Plaintiff Jones and Plaintiff Starr collectively referred to as "Plaintiffs"), and files this lawsuit against Defendant Woodward Management Partners, LLC ("Defendant" or "WMP"), and shows the following:

### I.   Nature of Complaint

1.

Plaintiffs bring this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, along with liquidated and actual damages, attorney's fees and costs for Defendant's failure to pay federally mandated overtime wages to Plaintiffs in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA").

## II.   Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant is a Georgia limited liability company and resides in this district. Defendant does business in and is engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiffs' claims occurred in this district.

## III.   Parties and Facts

5.

Plaintiffs are residents of the State of Georgia.

6.

Plaintiff Jones was employed by Defendant with the job title "maintenance supervisor" from November 1, 2013 to April 29, 2016. Plaintiff Starr was employed by Defendant with the job title "maintenance supervisor" from January 2, 2016 to July 7, 2016.

7.

Throughout their employment with Defendant, Plaintiffs primary duty was performing manual labor at properties of Defendant, specifically repairing various property issues for Defendant's tenants.

8.

Plaintiffs were "employees" of Defendant, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

9.

Throughout their employment, Plaintiffs were paid on a salary basis, and treated as exempt from the overtime requirements of the FLSA.

10.

Throughout their employment, Plaintiffs regularly worked an amount of time that was more than forty (40) hours per workweek and were not paid the overtime wage differential for hours worked over (40) in given workweeks.

11.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

12.

Defendant suffered or permitted Plaintiffs to work in excess of 40 hours in given workweeks without receiving overtime compensation during their employment.

13.

Throughout Plaintiffs' employment, Plaintiffs' primary duty was non-exempt work, specifically manual labor.

14.

The importance of Plaintiffs' manual labor, which comprised the vast majority of their work hours, greatly outweighed the importance of any other work they performed.

15.

Defendant is an "employer" within the definition of the FLSA, 29 U.S.C. §203(d).

16.

Defendant is governed by and subject to the FLSA, 29 U.S.C. § 204 and §207.

17.

Plaintiffs are entitled to overtime pay for the hours they worked over (40) in given workweeks. Defendant's practices violate the provisions of the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207. As a result of Defendant's unlawful practices, Plaintiffs have suffered lost wages.

## Count I

## Violation of the Overtime Wage Requirement of the Fair Labor Standards Act (Plaintiff and the Collective Class)

18.

Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

19.

Defendant has violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiffs worked in excess of (40) hours in given workweeks.

20.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times their regular rate of pay for all hours worked in excess of (40) hours in a workweek.

21.

Defendant suffered and permitted Plaintiffs to routinely work more than (40) hours per week without overtime compensation.

22.

Defendant's actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiffs at the required overtime rate.

23.

Defendant knew, or showed reckless disregard for the fact that Defendant failed to pay Plaintiffs overtime compensation in violation of the FLSA.

24.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiffs, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

25.

Defendant's violations of the FLSA were willful and in bad faith.

26.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiffs are entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## **Prayer for Relief**

**WHEREFORE**, Plaintiffs respectfully requests that this Court:

(A) Grant Plaintiffs a trial by jury as to all triable issues of fact;

(B) Enter judgment against Defendant and awarding Plaintiffs unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that Plaintiffs' rights have been violated and that Defendant misclassified Plaintiffs as exempt from the overtime requirements of the FLSA;

(D)   Grant Plaintiffs leave to add additional state law claims if necessary; and

(E)   Award Plaintiffs such further and additional relief as may be just and appropriate.

This 27th day of October, 2016.

**BARRETT & FARAHANY**

/s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Plaintiffs

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile