# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GUY JONES and GREGORY STARR, ) | |
| ) | Civil Action No. |
|    Plaintiffs, ) | 1:16-cv-4027-LLM |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| WOODWARD MANAGEMENT ) | |
| PARTNERS, LLC, ) | |
| ) | |
|    Defendant. ) | |
| ) | |

## **SETTLEMENT AGREEMENT**

This Settlement Agreement (hereinafter referred to as "Agreement"), is entered into by and between Guy Jones, on behalf of himself, his heirs, executors, administrators, legal representatives and assigns (hereinafter referred to collectively as "Jones") and Gregory Starr, on behalf of himself, his heirs, executors, administrators, legal representatives, and assigns (hereinafter referred to collectively as "Starr") with A. Porter Lummus and Woodward Management Partners, LLC, Inwood Holdings, LLC, and their respective present, past, and future affiliates, predecessors, heirs, successors, parents, subsidiaries, assigns, insurers, and each and every one of their respective owners, shareholders, servants, officers, directors, employees, agents, principals, relatives, representatives, beneficiaries, alter egos, and attorneys (hereinafter referred to collectively as "The Released Parties"). Throughout this Agreement, Jones, Starr and The Released Parties shall collectively be referred to as the "Parties." This Agreement shall not in any way be construed as an admission by The Released Parties of any violation of any law or any other liability including common law liability to Jones or Starr. Woodward Management

Partners, LLC and A. Porter Lummus, and each of them individually, are jointly and severally responsible for the obligations set forth in this Agreement, including the obligation to pay the settlement amounts prescribed herein. Should the settlement amounts not be paid, Jones and Starr may bring a breach of contract action, or move to enforce the settlement seeking judgment against Woodward Management Partners, LLC and/or A. Porter Lummus in his individual capacity.

WHEREAS, Jones and Starr were employed by Woodward Management Partners, LLC; and

WHEREAS, Jones and Starr alleged unlawful employment practices in violation of federal law against The Released Parties by bringing a lawsuit titled *Guy Jones and Gregory Starr v. Woodward Management Partners, LLC,* Case No. 1:16-CV-4027-LLM (N.D. Ga., Atlanta Division), allegations which the Released Parties vehemently deny;

NOW WHEREFORE, in consideration of the promises and mutual covenants herein contained, the sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1.  The Released Parties agree to pay to Jones the total amount of **fifty-one thousand four hundred and fifty three dollars and twelve cents ($51,453.12)**, as follows:

    A.  Fifteen thousand four hundred and thirty five dollars and ninety six cents ($15,435.96) to Guy Jones representing unpaid overtime wages. This amount shall be paid in four separate payments of three thousand eight hundred and fifty-eight dollars and ninety nine cents ($3,858.99), the first due within 14 days after court approval, and the remaining payments due 30, 60 and 90 days after the first payment is made. These payments shall be treated as wages with the applicable taxes and legal deductions made;

    B. Fifteen thousand four hundred and thirty five dollars and ninety two cents ($15,435.92) to Guy Jones, representing liquidated damages. This amount shall be paid in four separate payments of three thousand eight hundred and fifty eight dollars and ninety eight cents ($3,858.98), the first due within 14 days after court approval, and the remaining payments due 30, 60 and 90 days after the first payment is made. Jones shall provide The Released Parties with a W-9 form for this payment. No deductions shall be made from these checks and a Form 1099 shall be issued; and

    C. Twenty thousand five hundred and eighty one dollars and twenty four cents ($20,581.24) to his attorney, Barrett & Farahany, LLP, for attorney's fees and costs. This amount shall be paid in four separate payments of five thousand one hundred and forty-five dollars and thirty one cents ($5,145.31), the first due within 14 days after court approval, and the remaining payments due 30, 60 and 90 days after the first payment is made. Barrett & Farahany, LLP shall provide The Released Parties with a W-9 form for this payment.

2. The Released Parties agree to pay to Starr the total amount of **eight thousand one hundred and thirty four dollars and thirty nine cents ($8,134.39)**, as follows:

    A. Two thousand four hundred and forty dollars and thirty two cents ($2,440.32) to Gregory Starr representing unpaid overtime wages. This amount shall be paid in four separate payments of six hundred and ten dollars and eight cents ($610.08), the first due within 14 days after court approval, and the remaining payments due 30, 60 and 90 days after the first payment is made. These payments shall be treated as wages with the applicable taxes and legal deductions made;

    B. Two thousand four hundred and forty dollars and thirty two cents ($2,440.32) to Gregory Starr, representing liquidated damages. This amount shall be paid in four separate payments of six hundred and ten dollars and eight cents ($610.08), the first due within 14 days after court approval, and the remaining payments due 30, 60 and 90 days after the first payment is made. Jones shall provide The Released Parties with a W-9 form for this payment. No deductions shall be made from these checks and a Form 1099 shall be issued; and

    C. Three thousand two hundred and fifty three dollars and seventy five cents ($3,253.75) to his attorney, Barrett & Farahany, LLP, for attorney's fees and costs. This amount shall be paid in one payment of eight hundred and thirteen dollars and forty three cents followed by three separate payments of eight hundred and thirteen dollars and forty four cents, the first payment due within 14 days after court approval, and the remaining payments due 30, 60 and 90 days after the first payment is made. Barrett & Farahany, LLP shall provide The Released Parties with a W-9 form for this payment.

  3. The Released Parties also shall pay Barrett & Farahany, LLP a total payment of four hundred and seventy-five dollars ($475) in litigation costs, to be paid within 14 days after court approval.

  4. Jones and Starr agree that this is a disputed claim. Jones and Starr agree and acknowledge that, upon the approval of this Agreement by a court of competent jurisdiction, they release and waive any and all claims for unpaid compensation that they actually brought or could have brought in the lawsuit filed against Woodward Management Partners, LLC, Civil Action No. 1:16-cv-4027-LLM, against all of the released parties, including but not limited to claims for unpaid overtime and/or minimum wage under the Fair Labor Standards Act. The Parties agree to

file an appropriate motion or pleading with the Court to dismiss Jones and Starr's claim with prejudice.

5. By entering into this Agreement, no Party admits any liability, fault or wrongdoing.

6. Each party shall be responsible for payment of their own attorneys' fees and costs, except as provided in Paragraphs 1-3.

7. Jones and Starr represent and warrant that they are authorized to enter into and that they have the authority to perform the terms of this Agreement. Jones and Starr represent and warrant that he have not sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of the Released Claims.

8. If any provision of this Agreement or the application thereof to any party or circumstances shall be determined to be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to any other party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

9. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile and electronic copies of the executed Agreement shall have the same force and effect as an original copy.

10. This Agreement is binding on each of the parties and their respective heirs, successors and assigns.

11. In the event any Party breaches this Agreement, the non-breaching Party shall be entitled to enforce all provisions of this Agreement in Court seeking all remedies available to it both in law and equity. The prevailing Party shall be entitled to recover its attorneys' fees and

costs incurred in any proceeding to enforce this Agreement, including all fees and costs through all appeals.

12. This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia, without regard to its choice of laws or conflict of laws principles.

13. Except as expressly provided herein, the parties represent and warrant that in executing this Agreement, they do not rely upon and have not relied upon any oral or written representation, promise, warranty or understanding made by any of the parties or their representatives with regard to the subject matter, basis or effect of this Agreement.

14. The parties acknowledge that each party has participated in the drafting of this Agreement and each has had an equal opportunity to participate in the drafting of this Agreement. No ambiguity shall be construed against any party based upon a claim that the party drafted the ambiguous language.

15. The parties acknowledge and assume the risk that additional or different facts which they believe to exist may now exist or may be discovered after this Agreement has been entered into. The parties agree that any such additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement.

16. Jones and Starr acknowledge that they have been advised to consult an attorney prior to signing this agreement. Jones and Starr understand that whether or not they consult with an attorney is their decision. In this respect, Jones and Starr have consulted with and been advised by Severin Roberts, Esquire in this matter and are satisfied that Mr. Roberts has provided them excellent legal advice and has explained to them all of his options in connection with this Agreement.

17. This Agreement, consisting of five (5) pages, is freely and voluntarily entered into by the parties. The parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement. This Agreement may be executed in counter-parts and electronic and facsimile copies shall be treated as originals.

Date: _____

**Guy Jones**

Date: 27 Mar 17

_____
Gregory Starr

Date: 3/31/17

_____
Sign:

Print Name: A. Porter Lummus
Representative of Woodward Management Partners, LLC

Date: 3/31/17

_____
A. Porter Lummus (in his individual capacity)

7

17.     This Agreement, consisting of five (5) pages, is freely and voluntarily entered into by the parties. The parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement. This Agreement may be executed in counter-parts and electronic and facsimile copies shall be treated as originals.

Date: 03/27/2017

*Guy Jones*

Date: _____

**Gregory Starr**

Date: 3/31/17

Sign: *[signature]*

Print Name: A. Porter Lummus
Representative of Woodward Management Partners, LLC

Date: 3/31/17

A. Porter Lummus (in his individual capacity)

7